# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MARTIN MARQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-0055 |
| | § | |
| TDCJ, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff Martin Marquez, a former state inmate, filed this section 1983 lawsuit against defendants for their alleged deliberate indifference to his serious medical needs. At the time of filing, plaintiff was represented by retained counsel, Dominique Sims and Malachi Haines, Sr. Counsel were subsequently granted leave to withdraw on August 9, 2017, after testifying by affidavit that plaintiff had received his file and was informed of pending motions and deadlines.

At the time counsel withdrew, one dispositive motion remained on the docket: a motion to dismiss filed by defendant Deborah Garza on August 4, 2017 (Docket Entry No. 25).[1] In her affidavit in support of her motion to withdraw, attorney Sims testified that she sent plaintiff a copy of defendant Garza's motion to dismiss on August 8, 2017, with a letter

---

[1] The docket also reflects a motion to dismiss filed by defendant UTMB Galveston on June 30, 2017 (Docket Entry No. 20). Plaintiff, through counsel, filed an amended complaint on July 20, 2017, which did not carry forward UTMB Galveston as a named defendant. Because UTMB Galveston is no longer a named party, its motion to dismiss has become moot.

notifying him that his response to the motion was due August 24, 2017. (Docket Entry No. 27.) To-date, plaintiff has not communicated to the Court his intentions to prosecute this lawsuit or to retain new counsel, nor has he filed a response to the pending motion to dismiss or taken any further action to advance this lawsuit.

Plaintiff's failure to file a response to the motion to dismiss, retain new counsel of record, or take any further action to advance this lawsuit leads this Court to conclude that he no longer wishes to prosecute this lawsuit. The authority of a federal district court to dismiss *sua sponte* a plaintiff's lawsuit because of failure to prosecute is clear. *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126. 1127 (5th Cir. 1988). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985); *see* FED. R. CIV. P. 41(b).

Accordingly, this lawsuit is DISMISSED WITHOUT PREJUDICE for want of prosecution pursuant to Rule 41(b). All pending motions are DENIED AS MOOT.

Signed at Houston, Texas, on September 19, 2017.

Gray H. Miller
United States District Judge

2